# Saxon *v.* Davie.

### *Assumpsit.*

(Decided April 22, 1915. 68 South. 253.)

*Appeal and Error; Harmless Error; Evidence.*—It is harmless error to exclude questions which have already been answered, or which are thereafterwards answered without objection; it is also harmless error to admit evidence objectionable on its face, but admissible because brought out in rebuttal or on cross-examination.

[Saxon v. Davie.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by M. S. Davie against John B. Saxon. Judgment for plaintiff and defendant appeals. Affirmed.

Transferred from Court of Appeals under the act creating such court.

E. H. HILL, for appellant.

W. R. CHAPMAN, for appellee.

MAYFIELD, J.—Appellee sued appellant on an account for medical services in attending and treating one Stripling, who was ill at the house and home of appellant. The main contest—and, it seems, the only disputed point—was whether or not the appellant was liable to appellee for his services in attending and treating Stripling. This question was rather stoutly litigated, and resulted in a judgment for plaintiff, from which the appellant prosecutes this appeal.

The only assignments of error go to the admissibility and relevancy of evidence offered and received on the trial. No good purpose can be served by a discussion of the several rulings, nor by citing authorities. Suffice it to say each assignment of error has been carefully examined, in connection with the whole record. Some of the rulings, if standing alone, might be erroneous; but, considered in connection with the whole record, it affirmatively appears that these errors were without possible injury. For example: The court would decline to allow a witness to answer a question, which ruling, standing alone, would involve error to reverse; whereas, it would affirmatively appear that the witness had theretofore answered the question, or that the court subsequently allowed the witness to answer it, or that

the witness did answer, or testify to the matter, without objection. In other instances the court allowed evidence which, on its face, was objectionable, but which was rendered admissible for the time and occasion, because elicited on cross-examination, or because given in rebuttal of evidence offered by the opposing party, or because necessary to test the memory or knowledge of the witnesses who were testifying. We feel sure that this record affirmatively shows that no injury was done appellant by any adverse ruling in the admission or rejection of testimony.

Finding no error, the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.